UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 1999-cr-209-pp

v.

ARTURO LOPEZ,

Defendant.

---

**ORDER CONSTRUING EMERGENCY MOTION FOR COURT INTERVENTION AS SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. §3582(c)(1)(A) AND GRANTING SUPPLEMENTAL MOTION AS UNOPPOSED (DKT. NO. 604), AND DENYING AS MOOT DEFENDANT'S FIRST MOTION FOR COMPASSIONATE RELEASE (DKT. NO. 574) AND MOTION FOR SPECIAL HOSPITAL VISITATION (DKT. NO. 595)**

---

On November 2, 2023, the defendant filed a *pro se* motion asking the court to grant him compassionate release under 18 U.S.C. §3582(c)(1)(A). Dkt. No. 344. The main basis for his motion was the fact that he had received a guidelines sentence of life imprisonment from Judge Charles Clevert in 2001—prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2004), which held that the United States Sentencing Guidelines were advisory. Id. The defendant's motion argued that new language in the Guidelines—specifically U.S.S.G. §1B1.13(b)(6)—allowed courts to consider a non-retroactive change in the law to be an "extraordinary and compelling reason" to warrant a sentence reduction under 18 U.S.C. §3582(c)(1)(A)(i). Id. That motion remains pending, in part because the Supreme Court recently decided Rutherford v. United States, 608 U.S. ___, 146 S. Ct. 1320 (May 28, 2026),

which the parties had advised the court might bear on the defendant's arguments. See Dkt. Nos. 593 (motion to stay) & 597 (motion to file position statements).

On July 29, 2026, the defendant filed a motion titled "Emergency Motion for the Court's Intervention and Assistance to Expedite the Bureaucracy Holding up the 3582 Compassionate Release that the BOP had Instituted on My Behalf Due to My Terminal Illness." Dkt. No. 604. This motion stated that the defendant is dying due to terminal cancer and that his current condition is poor. Id. at 1. The defendant explained that the Bureau of Prisons itself began compassionate release proceedings for him using their administrative process, but that it had been thirty days since the defendant had provided his release plan and that the BOP's process could take up to a year to complete. In the defendant's words, "I am dying. I don't have a year." Id. at 2. The defendant resides at the Federal Medical Center in Butner, North Carolina. His plan upon release is to live with his wife, Theres Lopez,[1] who resides at 1411 Madison Ave. S., Milwaukee, WI 53172. Dkt. No. 604-1 (release plan).

The day after the court received the defendant's emergency motion, the government filed a response. Dkt. No. 605. The government states that it construes the defendant's emergency motion as a supplemental ground for compassionate release that the defendant had not previously argued, "namely, his current medical circumstances." Id. The response states that the

---

[1] Although the release plan does not list Ms. Lopez as the defendant's wife, other BOP paperwork submitted by the defendant shows Ms. Lopez as the defendant's wife. Dkt. No. 604-1 at 29.

government has confirmed that the defendant has satisfied his requirement to exhaust his administrative remedies. Id. It also represents that it has confirmed that the defendant's "current medical condition and prognosis are as he describes." So, the government says, although it does not concede that the defendant's original grounds for compassionate release (the ones stated in his first motion and subsequent supportive filings) warrant relief, it "does not oppose compassionate release for [defendant] based solely on the medical circumstances he describes." Id.

The court will construe the defendant's emergency motion as a supplemental motion for compassionate release based on his current medical condition. The court will grant that motion as unopposed. The defendant suffers from a terminal form of stomach cancer; the court hopes he can spend his final days surrounded by his wife and loved ones. Because the court is granting the defendant's supplemental motion for compassionate release, the court will dismiss his other pending motions as moot. The court expresses no opinion on the defendant's other arguments for sentence reduction or compassionate release under §3582(c).

The court **ORDERS** that the defendant's unopposed, supplemental motion for compassionate release is **GRANTED**, effective immediately. Dkt. No. 604

The court **ORDERS** that the April 17, 2001 judgment imposing a lifetime sentence is **VACATED**. Dkt. No. 358.

The court **ORDERS** that the defendant is hereby committed to the custody of the United States Bureau of Prisons for a term of **TIME SERVED**.

The court **DECLINES** to impose any period of supervised release. The court will issue an amended judgment reflecting this order.

Dated in Milwaukee, Wisconsin this 4th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**